| | |
|---|---|
| LUSKIN, STERN & EISLER LLP<br>Michael Luskin<br>Stephan E. Hornung<br>50 Main Street<br>White Plains, New York 10606<br>(212) 597-8200 | OPPENHEIM + ZEBRAK, LLP<br>Matthew J. Oppenheim<br>Lucy Grace D. Noyola (admitted *pro hac vice*)<br>4350 Wisconsin Avenue, NW, Fifth Floor<br>Washington, DC 20016<br>(202) 480-2999 |

*Counsel for the Copyright Claimants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UMG RECORDINGS, INC., et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>FRONTIER COMMUNICATIONS CORPORATION,<br><br>　　　　　　　　　　Defendant. | Civ. Case No. 1:21-cv-05253-AT<br>Civ. Case No. 1:21-cv-05050-AT (Related) |

**SUPPLEMENTAL DECLARATION OF MATTHEW J. OPPENHEIM**
**IN FURTHER SUPPORT OF THE COPYRIGHT CLAIMANTS'**
**<u>MOTION TO WITHDRAW THE REFERENCE</u>**

I, MATTHEW J. OPPENHEIM, declare pursuant to 28 U.S.C. § 1746:

1.　　　I am an attorney at law admitted to practice before the United States District Court for the Southern District of New York.  I am Managing Partner of Oppenheim + Zebrak, LLP, counsel for Claimants UMG Recordings, Inc., Capitol Records, LLC, and ABKCO Music & Records, Inc. (collectively, the "<u>Universal Claimants</u>"); Sony Music Entertainment, Arista Music, Arista Records LLC, LaFace Records LLC, Sony Music Entertainment US Latin,

Volcano Entertainment III, L.L.C., and Zomba Recording LLC (collectively, the "Sony Claimants"); and Atlantic Recording Corporation, Atlantic Records Group LLC, Bad Boy Records LLC, Big Beat Records Inc., Elektra Entertainment Group Inc., Fueled by Ramen LLC, Lava Records LLC, Maverick Recording Company, Nonesuch Records Inc., Rhino Entertainment Company, Rhino Entertainment LLC, Roadrunner Records, Inc., Warner Music Inc., Warner Music International Services Limited, Warner Music Nashville LLC, and Warner Records Inc. (collectively, the "Warner Claimants," and together with the Universal Claimants and the Sony Claimants, the "Copyright Claimants") in the above-captioned actions, as well as in the Chapter 11 cases styled *In re Frontier Communications Corp.*, No. 20-22476 (RDD) (Bankr. S.D.N.Y. filed Apr. 14, 2020) (the "Bankruptcy Action").[1]

2. I submit this declaration in further support of the Copyright Claimants' motion (the "Motion") pursuant to 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011(a) to withdraw the reference with respect to the Copyright Claimants' pre- and post-petition copyright infringement claims against Frontier Communications Corporation ("Frontier").

3. Unless stated otherwise all statements of fact contained herein are based upon my own personal knowledge.

4. A copy of the *Response of the Universal Claimants to the Omnibus Objection to Certain Disputed Copyright Claims* filed in the Bankruptcy Action [ECF No. 1902] is attached as **Exhibit 8**.

---

[1] Capitalized terms used but not defined herein have the meanings given to them in the Memorandum of Law in Support of the Copyright Claimants' Motion to Withdraw the Reference.

5. A copy of an excerpt from the transcript of the June 15, 2021 initial status hearing in the Bankruptcy Action is attached as **Exhibit 9**.

6. On June 15, 2021, after the initial status hearing, Frontier's counsel informed me by telephone that Frontier would agree to mediation only if Copyright Claimants dropped all their monetary claims. The Copyright Claimants rejected that proposal.

7. A copy of the *Memorandum of Law in Support of Movie Claimants' Motion to Withdraw Reference* filed in the Bankruptcy Action [ECF No. 1927-1] is attached as **Exhibit 10**.

8. In March 2021, counsel for the Universal Pre-Petition Claimants and Frontier twice met and conferred by telephone to discuss the Universal Pre-Petition Claim. During those calls, Frontier asserted that it was entitled to the safe harbor under the Digital Millennium Copyright Act ("DMCA"). The parties' counsel agreed that Frontier's eligibility for protection under the safe harbor of § 512(a) of the DMCA was a threshold issue in resolving the Universal Pre-Petition Claim. The parties also agreed to engage in limited informal discovery on the sole issue of whether Frontier qualified for the DMCA safe harbor, in the hopes that limited informal discovery might allow for a subsequent settlement dialog. Frontier agreed at the outset to produce, for a three-year period, its policies on copyright infringement, infringement notice data, and summary information regarding its subscriber suspensions and terminations for copyright infringement.

9. To this date, Frontier has not produced all the documents it agreed to produce. The Universal Pre-Petition Claimants pressed Frontier to explain the gaps in its production but received no meaningful response. On the other hand, the Universal Claimants produced all documents they agreed to produce, which included detailed data relating to every

infringement notice that had been sent to Frontier related to the pre-petition claim, as well as examples of the evidence packages supporting each of those notices.

10. On May 24, 2021, counsel for the Copyright Claimants contacted Frontier's counsel to seek permission for certain representatives of the Copyright Claimants to view information Frontier produced in informal discovery and designated as "Highly Confidential" pursuant to the protective order entered in the Bankruptcy Action. Frontier's counsel responded that Frontier would "agree to have one client representative per existing claim review the Highly Confidential information" but would "not agree [t]o have non-claimants review the Highly Confidential information." A copy of the email exchange between Frontier's counsel and counsel for the Copyright Claimants ending on May 24, 2021, is attached as **Exhibit 11**.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 1st day of July 2021 in Washington, D.C.

    /s/ Matthew J. Oppenheim
    Matthew J. Oppenheim