UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re

FRONTIER COMMUNICATIONS
CORPORATION, *et al.*,

               Debtor.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __7/27/2023__

21 Civ. 5253 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Claimants UMG Recordings, Inc., Capitol Records, LLC, and ABKCO Music & Records, Inc. (collectively, the "Universal Claimants"); Sony Music Entertainment, Arista Music, Arista Records LLC, LaFace Records LLC, Sony Music Entertainment US Latin, Volcano Entertainment III, L.L.C., and Zomba Recording LLC (collectively, the "Sony Claimants"); and Atlantic Recording Corporation, Atlantic Records Group LLC, Bad Boy Records LLC, Big Beat Records Inc., Elektra Entertainment Group Inc., Fueled by Ramen LLC, Lava Records LLC, Maverick Recording Company, Nonesuch Records Inc., Rhino Entertainment Company, Rhino Entertainment LLC, Roadrunner Records, Inc., Warner Music Inc., Warner Music International Services Limited, Warner Music Nashville LLC, and Warner Records Inc. (collectively, the "Warner Claimants," and together with the Universal Claimants and the Sony Claimants, the "Copyright Claimants") move to withdraw the reference of certain claims to the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). ECF No. 1. The Copyright Claimants "seek to withdraw the reference relating to pre- and post-petition claims" to "consolidate them with a parallel and nearly indistinguishable suit that is currently pending in th[is] . . . District . . . between the same parties." Copyright Mem. at 1, ECF No. 4.[1]  The Copyright Claimants argue that mandatory withdrawal of the

---

[1] The parallel suit is *UMG Recordings, Inc. v. Frontier Communications Corp.*, 21 Civ. 5050 ("*UMG*"). In *UMG*, some of the Copyright Claimants, Plaintiffs UMG Recordings, Inc., Capitol Records, LLC, and ABKCO Music & Records, Inc. (collectively, the "Universal Plaintiffs"); Sony Music Entertainment, Sony Music Entertainment US Latin, Arista Music, Arista Records LLC, and Zomba Recording LLC (collectively, the "Sony Plaintiffs"); and Atlantic Recording

reference is required under 28 U.S.C. § 157(d), or, in the alternative, that permissive withdrawal of the reference is appropriate. *Id.* at 3. Debtor, Frontier Communications Corporation ("Frontier"),[2] opposes the Copyright Claimants' motion. Frontier Opp., ECF No. 8. For the reasons stated below, the Copyright Claimants' motion is DENIED.

## BACKGROUND

This matter, in addition to two related actions[3], arises from Frontier's Chapter 11 cases. Compl. ¶¶ 28–29; *see also In re Frontier Commc'ns Corp.*, No. 20 Br. 22476 (S.D.N.Y.). Frontier "is one of the largest [i]nternet service providers in the United States." Copyright Mem. at 6; *see also* Compl. ¶ 2. The Copyright Claimants "comprise record companies that produce, manufacture, distribute, sell, and license commercial sound recordings, both in the United States and internationally." Copyright Mem. at 5–6.

On April 14, 2020, Frontier and "certain affiliated debtor entities" filed voluntary petitions for relief under Chapter 11 in the Bankruptcy Court. Compl. ¶ 28; Copyright Mem. at 4. On August 27, 2020, the Bankruptcy Court confirmed the Chapter 11 plan of reorganization (the "Plan"). Copyright Mem. at 4. On January 22, 2021, Claimants UMG Recordings, Inc. and Capitol Records, LLC (the "Universal Pre-Petition Claimants") filed an unsecured proof of claim against Frontier, which "asserts that Frontier is contributorily and vicariously liable for thousands of direct infringements by Frontier's customers of at least 1,652 of the Universal Pre-Petition Claimants' copyrighted sound recordings prior to the [p]etition [d]ate" (the "Universal Pre-Petition Claim"). *Id.* at 8. On May 17,

---

Corporation, Elektra Entertainment Group Inc., Lava Records LLC, Rhino Entertainment LLC, Warner Music Inc., Warner Music International Services Limited, and Warner Records Inc. (collectively, the "Warner Plaintiffs," and together with the Universal Plaintiffs and the Sony Plaintiffs, the "Plaintiffs") bring an action against Defendant, Frontier Communications Corporation ("Frontier"), alleging contributory copyright infringement and vicarious copyright infringement under 17 U.S.C. § 101 *et seq.* Compl. ¶¶ 44–65, *UMG*, ECF No. 1. Plaintiffs are "some of the largest record companies in the world." *Id.* ¶ 25.

[2] In addition to Frontier, a "large number of debtor entities" are involved in the underlying bankruptcy proceedings. ECF No. 1 at 1 n.1.

[3] *UMG* and *Voltage Holdings, LLC v. Frontier Communications Corporation*, 21 Civ. 5708, are related to this action.

2021, Frontier and its debtor affiliates filed objections to the Universal Pre-Petition Claim (the "Universal Claim Objection"). *Id.*

On April 30, 2021, Frontier emerged from Chapter 11 bankruptcy, and the "Fifth Amended Joint Plan of Reorganization of Frontier Communications Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code" became effective. Compl. ¶ 29; Copyright Mem. at 5. On June 1, 2021, each of the Copyright Claimants filed an administrative proof of claim similar to the Universal Pre-Petition Claim pursuant to §§ 507(a)(2) and 503(b) of the Bankruptcy Code (the "Administrative Claims," together with the Universal Pre-Petition Claim, the "Copyright Claims"). Copyright Mem. at 8. The Administrative Claims "assert that Frontier is contributorily and vicariously liable for thousands of direct infringements by Frontier's subscribers of at least 6,025 of the Copyright Claimants' copyrighted sound recordings between the [p]etition [d]ate and the [e]ffective [d]ate of the Plan." *Id.* at 8–9.

On June 8, 2021, some of the Copyright Claimants filed the *UMG* action, seeking "damages for Frontier's infringement of Plaintiffs' copyrighted sound recordings since the [e]ffective date (the 'Post-Effective Date Copyright Claims')" and "a preliminary and permanent injunction against Frontier and the other [r]eorganized [d]ebtors." *Id.* at 9 (emphasis omitted). Frontier's terms of service prohibit its subscribers from using the network for copyright infringement. *Id.* at 7. The Copyright Claimants, like Plaintiffs, claim that Frontier "did not enforce its no-infringement policy and allowed infringement [by some of Frontier's subscribers] to occur on its network largely unabated." *Id.* at 7; *see also, e.g.*, Compl. ¶¶ 3–6. The Copyright Claimants allege that, despite "receiv[ing] hundreds of thousands of infringement notices from copyright owners . . . detail[ing] ongoing massive infringement of copyrights on its network," Frontier has not addressed these issues, through its policies or otherwise. Copyright Mem. at 7; *see also generally* Compl. They claim that Frontier "is contributorily and vicariously liable for violations of federal copyright law by Frontier's

3

subscribers since [Frontier and its debtor affiliates] emerged from bankruptcy." *Id.* at 2; *see also generally* Compl.

The Copyright Claimants move, pursuant to 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011(a), to withdraw the reference with respect to the Copyright Claims. *See* Copyright Mem. at 1–2, 4, 10; *see also* ECF No. 1. The Copyright Claimants argue that the Copyright Claims "should be adjudicated in a single unified proceeding" "because they raise unique and potentially complex issues of federal law outside the expertise of the Bankruptcy Court, will require substantial bilateral discovery, and will ultimately need a jury trial." Copyright Mem. at 1–2, 4. The Copyright Claimants contend that the Bankruptcy Court "lacks jurisdiction to adjudicate the Post-Effective Date Copyright Claims . . . asserted in [*UMG*]" and "those claims must proceed to a jury trial." *Id.* at 4.

## DISCUSSION

### I. Legal Standard

District courts have original jurisdiction over bankruptcy cases and all civil proceedings "arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334. "Pursuant to 28 U.S.C. § 157(a), a district court may refer actions within its bankruptcy jurisdiction to the bankruptcy judges of the district." *Secs. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC*, 492 B.R. 133, 137 (S.D.N.Y. 2013). This District has a standing order that provides for automatic reference. *See* Am. Standing Order of Reference, No. 12 Misc. 32 (S.D.N.Y. Feb. 1, 2012).

"Notwithstanding the automatic reference, a district court may on its own motion or that of a party withdraw the reference in whole or in part in appropriate circumstances." *Secs. Inv. Prot. Corp.*, 492 B.R. at 137. A withdrawal motion is timely if it is filed "as soon as possible after the moving party has notice of the grounds for withdrawing the reference." *In re FMI Forwarding Co.*, No. 00 B. 41815, 2005 WL 147298, at *6 (S.D.N.Y. Jan. 24, 2005) (citation omitted).

Withdrawal is mandatory "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). Mandatory withdrawal under § 157(d), which "has been construed narrowly," "is reserved for cases where substantial and material consideration of non-Bankruptcy Code federal statutes is necessary for the resolution of the proceeding." *In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 995 (2d Cir. 1990) (citation omitted). A "routine application of [a] non-Bankruptcy Code federal statute" does not require mandatory withdrawal. *Id.* (citation omitted) (alterations in original); *see also In re Ames Dept. Stores Inc.*, 512 B.R. 736, 741 (S.D.N.Y. 2014) ("The 'substantial and material consideration' element for mandatory withdrawal is satisfied where resolving the action would require the bankruptcy court to 'engage itself in the intricacies' of non-bankruptcy law[.]" (citation omitted)).

The district court may also withdraw the reference for "cause." 28 U.S.C. § 157(d). The Second Circuit decision of *In re Orion Pictures Corp.* ("*Orion*"), 4 F.3d 1095 (2d Cir. 1993), set forth the factors a district court should consider in determining whether "cause" exists to withdraw the reference. The *Orion* factors include: (1) "whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn"; (2) "questions of efficient use of judicial resources"; (3) "delay and costs to the parties"; (4) "uniformity of bankruptcy administration"; (5) "the prevention of forum shopping"; and (6) "other related factors." *Orion*, 4 F.3d at 1101. Since the Supreme Court's decision in *Stern v. Marshall*, 564 U.S. 462 (2011), several courts in this district have held that whether a claim is core or non-core is not dispositive, and that the district court should consider "whether the bankruptcy court has authority to finally adjudicate the matter." *In re Jacoby & Meyers--Bankr.* LLP, Nos. 14 Civ. 10642, 15 Civ. 7144, 2017 WL 4838388, at *3 (S.D.N.Y. Oct. 25, 2017); *see, e.g., id.* at *3–4 (collecting cases). In addition to the *Orion* factors, a district court should consider "whether the claims at issue involve a public or private right; whether the claims will

5

be resolved in ruling on a creditor's proof of claim, if any; and whether the parties consent to final adjudication by a non-Article III tribunal." *Adelphia Recovery Tr. v. FLP Grp., Inc.*, No. 11 Civ. 6847, 2012 WL 264180, at *3 (S.D.N.Y. Jan. 30, 2012); *see also In re WonderWork, Inc.*, 10 Civ. 2302, 2020 WL 13719273, at *1 (S.D.N.Y. Jan. 23, 2020).

"The moving party bears the burden of demonstrating that permissive withdrawal of the reference is warranted." *Secs. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC*, No. 20 Civ. 1186, 2020 WL 5370576, at *3 (S.D.N.Y. Sept. 8, 2020).

II. Analysis

A. Timeliness

As a threshold matter, the Court must determine whether the motion is timely. The Copyright Claimants argue that the motion is timely because "it was filed as soon as possible after receiving notice of the grounds for withdrawing the reference," on June 14, 2021, about a month after the filing of the Universal Claim Objection. Copyright Mem. at 12; *see also* ECF No. 1. The Copyright Claimants state that Frontier and its debtor affiliates "have not objected to the Administrative Claim[s] yet, [but] they undoubtedly will do so by the July 31, 2021 objection deadline." Copyright Mem. at 12. The Copyright Claimants note that, at the time of filing their motion, the "Bankruptcy Court ha[d] neither heard nor ruled on the Universal Claim Objection or the Administrative Claims." *Id.* at 12–13. Frontier contends that the Copyright Claimants' "arguments in favor of withdrawal are based on assertions" that were evident at the time of "confirmation of Frontier's Plan," and, as such, they "were on notice of any grounds to withdraw long before Frontier filed the [Universal Claim] Objection." Frontier Opp. at 27 ¶ 64. In reply, the Copyright Claimants argue that "[t]here have been no adverse findings, Frontier has not identified any prejudice from the timing of the [m]otion, and the pleading that provided actual notice (and commenced a proceeding [as defined in § 157(d)]) was the Universal Claim Objection." Copyright Reply at 15, ECF No. 11.

6

The Court concludes that the motion is timely as to the Universal Pre-Petition Claim, but is untimely as to the Administrative Claims.  The Court agrees with the Copyright Claimants that the timing of the filing of its motion as to the Universal Pre-Petition Claim was reasonable given the circumstances of this matter.  *See* Copyright Reply at 14–15; *In re Madison Bentley Assocs., LLC*, 474 B.R. 430, 436–37 (S.D.N.Y. 2012).  However, at the time the Copyright Claimants filed their motion, there was no contested matter as to the Administrative Claims such that there was a proceeding under § 157(d).  *In re AMR Corp.*, No. 12 Civ. 8180, 2013 WL 1155434, at *3 (S.D.N.Y. Mar. 21, 2013) ("The absence of an objection to [the] proofs of claim renders [the] motion to withdraw the reference premature."); *see also* Copyright Mem. at 12 (no objections to the Administrative Claims); Copyright Reply at 14 ("The Copyright Claimants moved to withdraw the reference . . . nearly two months before the deadline for objecting to the Administrative Claims.").

The Court shall, therefore, assess whether the Universal Pre-Petition Claim should be withdrawn, but declines to consider whether the Administrative Claims should be withdrawn. Accordingly, the Copyright Claimants' motion to withdraw the Administrative Claims is DENIED.

      B.  Mandatory Withdrawal of the Universal Pre-Petition Claim

The Copyright Claimants argue that withdrawal of the reference is mandatory because the Universal Pre-Petition Claim "arise[s] under, and present[s] complex issues of, federal non-bankruptcy law, namely" the Digital Millennium Copyright Act (the "DMCA"), 17 U.S.C. § 101 *et seq.*; the Copyright Act of 1976 (the "Copyright Act"), 17 U.S.C. § 101 *et seq.*; and the Classics Protection and Access Act (the "Classics Act"), 17 U.S.C. § 1401 *et seq.*  Copyright Mem. at 10; *see also id.* at 14. Specifically, the Copyright Claimants contend that: (1) "substantial[] and material[] consider[ation] [of] claims and issues arising under the DMCA, the Copyright Act, and the Classics Act, including apparent issues of first impression in this Circuit" are required to adjudicate the Universal Pre-Petition Claim, such as (i) Frontier's affirmative defense that it is "protect[ed] . . . for

7

the 'passive' transmission of content by its customers" pursuant to "a safe-harbor provision in the DMCA" and (ii) "claims assert[ing] a violation of the Copyright Act" "under . . . § 1401, which was enacted by Congress in 2018 pursuant to the Classics Act"; and (2) this action is "likely to set critically important precedent for not only sound recording owners, but also individual artists, writers, and technology companies who use . . . creative works either directly or through their users." *Id.* at 16.

Frontier argues that the Copyright Claimants "do not satisfy the narrow criteria" required for mandatory withdrawal. Frontier Opp. at 11 ¶ 28. Frontier contends that, because courts "have acknowledged that . . . contributory infringement liability arises from common law," the Universal Pre-Petition Claim "do[es] not arise out of any federal statute that would trigger [mandatory withdrawal] under § 157(d)." *Id.* at 14 ¶ 35. Frontier adds that "the law regarding contributory and vicarious copyright infringement is well-settled, based on decades-old Supreme Court precedent, and not a matter of first impression." *Id.* at 15 ¶ 36; *see also id.* at 12 ¶ 30, 19–20 ¶¶ 44–45. Frontier also argues that the Bankruptcy Court could "first . . . adjudicate . . . whether subscribers committed acts of direct copyright infringement, or whether any such alleged infringement was *de minimis*, which could obviate the need to engage in further adjudication as to the merits" of the Universal Pre-Petition Claim because "a claim of secondary infringement cannot stand without first proof of direct infringement." *Id.* at 17 ¶ 40. Frontier cites *In re Enron Corp.*, where the court determined that "[b]ecause the issue requiring substantial and material consideration of non-Bankruptcy Code federal law might [have] be[en] rendered moot, withdrawal of the reference [wa]s not mandated at th[at] time." 388 B.R. 131, 141 (S.D.N.Y. 2008).[4]

---

[4] Unlike this matter, in *Enron*, the parties "d[id] not dispute that [the threshold issue requiring mandatory withdrawal of the reference] [could] and should [have] be[en] decided first." 388 B.R. at 141; *compare* Frontier Opp. at 17 ¶ 40, *with* Copyright Reply at 5 ("Frontier had previously agreed that its eligibility for protection under the DMCA safe harbor was a threshold issue . . . . Frontier now argues that the issues of direct infringement or the extent of infringement should be adjudicated first.").

In reply, the Copyright Claimants contend that there is no Second Circuit precedent addressing or interpreting one of the four safe harbors under the DMCA invoked by Frontier in the Universal Claim Objection, 17 U.S.C. § 512(a). Copyright Reply at 3; *see also* ECF No. 3-3 at 10–11 ¶¶ 22–24 (citing § 512(a)). The Copyright Claimants also argue that "no court has considered an infringement claim under the newly-enacted Classics Act." Copyright Reply at 3. In addition, the Copyright Claimants assert that their "claims for contributory infringement and vicarious liability are complex common-law claims . . . [that have not been considered] against a high-speed internet service provider [in this District]." *Id.*

The Court finds that the Copyright Claimants have met their burden for mandatory withdrawal in part. Whether Frontier can avail itself of § 512(a) of the DMCA is a novel question in this Circuit, and will require substantial interpretation of federal non-bankruptcy law. *In re Ames Dept. Stores Inc.*, 512 B.R. at 741 ("[W]hile matters of first impression are not necessary to mandate withdrawal, where they do exist, the 'burden of establishing a right to mandatory withdrawal is more easily met.'" (citation omitted)); *Secs. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC*, 454 B.R. 307, 312 (S.D.N.Y. 2011). Therefore, withdrawal of the reference is mandated under § 157(d) as to that claim. The Copyright Claimants do not address Frontier's argument concerning whether or how the Classics Act "change[s] any infringement analysis or secondary liability analysis," Frontier Opp. at 19 ¶ 45, but the Classics Act is a new law that does not have "extensive jurisprudence that has developed around it," *In re Glob. Aviation Holdings Inc.*, 496 B.R. 284, 287 (E.D.N.Y. 2013). "Section 157(d) is meant to [en]sure that an Article III judge decides issues calling for more than routine application of federal laws outside the Bankruptcy Code." *Secs. Inv. Prot. Corp.*, 454 B.R. at 312 (cleaned up). Because § 157(d) "has been construed narrowly," *In re Ionosphere Clubs, Inc.*, 922 F.2d at 995, to avoid an "escape hatch . . . to the district court," *In re Glob. Aviation Holdings Inc.*, 496 B.R. at 287

9

(alteration in original), the Court determines that mandatory withdrawal of the reference is not warranted as to the remaining claims.

However, the Court agrees with Frontier that the issue requiring substantial and material consideration of non-Bankruptcy Code federal law—whether Frontier can avail itself of § 512(a) of the DMCA—may be rendered moot. Immediate withdrawal of the reference is not needed at this time. *In re Enron Corp.*, 388 B.R. at 141. The reference shall be withdrawn if and when the § 512(a) issue requires resolution by this Court.

Accordingly, the Copyright Claimants' motion for mandatory withdrawal as to the Universal Pre-Petition Claim is DENIED.

### C. Permissive Withdrawal of the Universal Pre-Petition Claim

Next, the Court shall consider whether permissive withdrawal of the Universal Pre-Petition Claim, except as noted above in Section II.B, is appropriate. The Copyright Claimants do not address whether the Universal Pre-Petition Claim is a core proceeding[5] or dispute that the Bankruptcy Court has authority to finally adjudicate the Universal Pre-Petition Claim, *see* Copyright Mem. at 13–14. The Copyright Claimants instead argue that the Bankruptcy Court is not the "best" forum to adjudicate their claims due to "the complexity of the issues underlying the [Universal Pre-Petition] Claim[] and the need for extensive fact and expert discovery." *Id.* at 2, 19. The Copyright Claimants contend that withdrawal of the reference "is appropriate . . . where it would result in the adjudication of multiple proceedings before a single court," because *UMG* "will involve virtually identical issues and discovery[ and] is already before the . . . Court, it makes practical sense and bolsters judicial

---

[5] The Copyright Claimants concede the point that adjudication of the Universal Pre-Petition Claim involves a core proceeding. *See* Copyright Mem. at 20 (indicating that "[e]ven a core matter may be withdrawn . . . ."); 21 (stating "[e]ven if the [Universal Pre-Petition] Claim[] [is] core, . . ."). In reply, the Copyright Claimants argue that, although "claims adjudication may be a core matter in an ordinary bankruptcy case, this is not an ordinary case." Copyright Reply at 11. The Copyright Claimants raise that argument for the first time in reply, and do not provide supporting caselaw or other authorities. Accordingly, the Court shall not credit it.

10

economy to have the" Universal Pre-Petition Claim adjudicated in this Court. *Id.* at 20. The Copyright Claimants also argue that withdrawal will have no impact on the uniform administration of bankruptcy law because the "bankruptcy case is essentially over," "resolution of the[] discrete [Universal Pre-Petition] Claim[] will not have any bearing on the administration of [Frontier's] bankruptcy case," and the Universal Pre-Petition Claim "do[es] not implicate any issues of bankruptcy law or state law." *Id.* at 20. Lastly, the Copyright Claimants contend that they are not engaged in forum shopping and note that they "reserved the right to demand a jury trial" "[i]n filing the proofs of claim in the Bankruptcy Court" and are entitled to a jury trial on the Post-Effective Date Copyright Claims. *Id.* at 21–22.

The Court concludes that the *Orion* factors counsel against withdrawing the reference in this action. For one, the resolution of an objection to a proof of claim is a core proceeding under 17 U.S.C. § 157(b)(2)(A). *See In re China Fishery Grp. Ltd.*, Nos. 16-11895, 16-11914, 2017 WL 3084397, at *7 (Bankr. S.D.N.Y. July 19, 2017) (collecting cases); *In re Residential Cap., LLC*, No. 15 Civ. 8340, 2016 WL 4082712, at *2 (S.D.N.Y. July 28, 2016). Second, the parties do not dispute the Bankruptcy Court's authority to finally adjudicate the Universal Pre-Petition Claim.[6] The complexity of the discovery involving matters potentially outside of the Bankruptcy Court's expertise weighs slightly in favor of withdrawal. But, the remaining *Orion* factors do not favor either party. As to efficiency, the Copyright Claimants do not address why these core claims should be tried in this Court instead of the Bankruptcy Court in the first instance, and *UMG* is currently stayed. The Copyright Claimants have not yet asserted a right to a jury trial, and even if they had, in a core

---

[6] The Copyright Claimants indicate that they "reserved the right to . . . object to the Bankruptcy Court's entry of a final order or judgment" as to the Administrative Claims, not the Universal Pre-Petition Claim. Copyright Mem. at 9. Because the Court finds that the Copyright Claimants have not carried their burden to show that withdrawal is warranted, *Secs. Inv. Prot. Corp.*, 2020 WL 5370576, at *3, it need not determine whether the Bankruptcy Court lacks final adjudicative authority over the core claims. The Court notes that the Bankruptcy Court "has authority to determine its adjudicative authority pursuant to *Stern* and Article III, subject to review by this Court." *In re Lyondell Chem. Co.*, 467 B.R. 712, 723 n.8 (S.D.N.Y. 2012) (citations omitted).

11

proceeding, a jury trial is available under Federal Rule of Bankruptcy Procedure 9015. *See In re Wedtech Corp.*, 81 B.R. 237, 239 (S.D.N.Y. 1987). Further, "[p]ermissive withdrawal to take the case to a district court for trial by jury, on asserted Seventh Amendment grounds, will become a question ripe for determination if and when the case becomes trial ready." *In re Glob. Aviation Holdings Inc.*, 496 B.R. at 289–90 (alterations and citation omitted). The Court does not find that the Copyright Claimants are engaged in forum shopping, but "it is unclear the extent to which withdrawal will have a negative impact on the uniformity of bankruptcy administration," *In re Lyondell Chem. Co.*, 467 B.R. at 725. On balance, the Court determines that the Copyright Claimants have not met their burden, and that permissive withdrawal is not appropriate.

Accordingly, the Copyright Claimants' motion for permissive withdrawal as to the Universal Pre-Petition Claim is DENIED.

## CONCLUSION

For the reasons stated above, the Copyright Claimants' motion to withdraw the bankruptcy reference is DENIED.

The Clerk of Court is directed to terminate the motion at ECF No. 1.

SO ORDERED.

Dated: July 27, 2023
   New York, New York

_____
ANALISA TORRES
United States District Judge